# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV14-05057 VBF<br>USBC Cental District of California at Los Angeles, 2:13-bk-11265-ER | Date | November 13, 2017 |
| Title | In re Tony Ashai, Debtor (Kamran Ghadimi & Haleh Turkaman, Plaintiffs-Appellants v. Tony Ashai, Defendant-Appellee) | | |

| | |
|---|---|
| Present: The Honorable | Valerie Baker Fairbank, U.S. District Judge |

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** In Chambers (No Proceedings Held) - **ORDER DENYING RECONSIDERATION AND REMANDING:**

**Construing "Appellee's Brief Re: Award of Damages" as Fed. R. Civ. P. 60(b) Motion for Relief from Judgment;**

**Dismissing Post-Judgment Motion (Doc #21) as Barred by Movant's Pending Appeal & Determining that the Motion is Late & Unsupported;**

**Remanding to U.S. Bankruptcy Court to Determine Damages & Interest;**

**Terminating and Closing the Case (JS-6)**

On July 25, 2013, creditors Ghadimi and Turkaman (together "Ghadimi" or "creditors") initiated an adversary proceeding in United States Bankruptcy Court for the Central District of California ("the bankruptcy court") case number 2:13-11265-ER, AP 2:13-01448-ER. *See* CM/ECF Document ("Doc") 16, First Amended Complaint ("FAC") at 24 ¶ 1. Ghadimi claimed that the debt Tony Ashai ("Ashai") owed to him was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) because Ashai had employed fraud to induce Ghadimi to sign the July 29, 2010 final settlement. *See* Doc 16 (FAC) at 26-28 ¶¶ 16-24. Ghadimi alleged that as a proximate result of Ashai's fraud, Ghadimi lost "the $175,000 to which they were entitled to recover from Emil [Youssefzadeh] per the Settlement Agreement." *See* Doc 16(FAC) at 28 ¶ 24. Ghadimi further alleged that Ashai's fraud caused the creditors to lose "the deficiency liability owed by Emil, measured by the difference between the foreclosure sale price of the property and the amount of: the Vineyard loan, plus interest, fees and costs. *Id.*

The bankruptcy court denied creditor Ghadimi's claim and issued a judgment discharging Ashai's debt on June 9, 2014. **Ghadimi appealed, and this Court initially affirmed as follows:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-05057 VBF<br>USBC Cental District of California at Los Angeles,<br>2:13-bk-11265-ER | Date | November 13, 2017 |
|---|---|---|---|
| Title | In re Tony Ashai, Debtor (Kamran Ghadimi & Haleh Turkaman, Plaintiffs-Appellants v. Tony Ashai, Defendant-Appellee) | | |

**The Court will deny creditor Ghadimi's appeal on a ground not discussed by the parties' appellate briefs.** In *In re Pateel Boyajian* . . . , 367 B.R. 138 (9th Cir. BAP 2007) . . . , *aff'd*, 564 F.3d 1088 (9th Cir. 2009) ("*Boyajian*"), the . . . Circuit held that a deceptive misrepresentation or omission cannot render a debt non-dischargeable under § 523(a)(2)(A) unless [it] occurred prior to the creditor lending the money and played a role in inducing the creditor to lend the money.

According to *Boyajian*, if the misrepresentation occurred *after* the creditor lent the money, it cannot be said that the loan was "obtained by" the misrepresentation as required for non-dischargeability under section 523(a)(2). Here, even according to the creditors' version of events, all of the alleged misrepresentations or omissions by Ashai occurred *after* Vineyard Bank (the creditors' predecessor) extended the loan at issue.

*Ashai*, 211 F. Supp.2d at 1218. The Court directed the parties to submit post-judgment briefs as to "whether the Court should sanction the Ghadimis for bringing an appeal that was frivolous within the meaning of Federal Rule of Bankruptcy Procedure ("FRBP") 8020(a) ("the OSC")." **Appellant Ghadimi timely filed a brief that consisted of both a response to the OSC and a motion to reconsider the merits.** Ghadimi's postjudgment brief ably explained, for the first time, why the Circuit's *Boyajian* decision is distinguishable from our case and thus does not defeat their nondischargeability claim. Ashai timely filed an opposition that did not meaningfully respond to Ghadimi's argument on this score. **This Court previously granted the creditor-appellants' motion for reconsideration, vacated the prior judgment in favor of appellee-debtor Ashai, and affirmed the decision of the Bankruptcy Court.** The Court's Order stated in pertinent part as follows:

<u>As a matter of law, the Court</u> **DETERMINES** <u>that</u>:

(1)   the Settlement entered by Ghadimi, Turkaman, Ashai, and others on July 29, 2010 was an "extension, renewal, or refinancing" for purposes of 11 U.S.C. § 523(a)(2);

(2)   in order to win a ruling that appellee's remaining debt to Ghadimi and Turkaman is <u>not</u> dischargeable, appellants must demonstrate that the criteria of 11 U.S.C. § 523(a)(2) are met as to Ashai's conduct inducing them to execute the July 29, 2010 Settlement;

(3)   conversely, appellants need <u>not</u> show that the criteria of 11 U.S.C. § 523(a)(2) are met with regard to the debt for which Ashai would have been liable pursuant to the Term Sheet issued after the July 14, 2010 settlement conference and before the execution of the Settlement on July 29, 2010, because the Settlement superseded the Term Sheet.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-05057 VBF<br>USBC Cental District of California at Los Angeles,<br>2:13-bk-11265-ER | Date | November 13, 2017 |
|---|---|---|---|
| Title | In re Tony Ashai, Debtor (Kamran Ghadimi & Haleh Turkaman, Plaintiffs-Appellants v. Tony Ashai, Defendant-Appellee) | | |

The Court further **FINDS** that:

(1) the authenticity of the False Signature – and the existence or absence of Youssefzadeh as a signatory to the final settlement agreement – was "a material fact" because a reasonable investor in that situation might have considered it to be an important consideration in deciding whether to sign that agreement;

(2) the Settlement bore a signature that appeared to be Emil Youssefzadeh's signature but was not Youssefzadeh's signature ("the False Signature");

(3) Youssefzadeh never signed the Settlement, and Youssefzadeh never authorized Ashai to sign Youssefzadeh's signature on the Settlement;

(4) Tony Ashai had a duty to disclose to creditors, at or before the time when creditors were presented with the proposed final settlement agreement, that Youssefzadeh never signed the Settlement and that Youssefzadeh never authorized Ashai to sign Youssefzadeh's signature on the Settlement;

(5) in deciding whether to execute the Settlement, appellants relied on the presence of the False Signature, and but for [footnote one omitted] the presence of the False Signature on the Settlement, the appellants would not have executed that Settlement;

(6) appellants' reliance on the False Signature was justifiable under the circumstances;

(7) Tony Ashai acted at least with reckless disregard of the truth and thus fraudulently by not informing appellants, before appellants signed the Settlement, that Youssefzadeh in fact had not signed the Settlement or authorized Tony Ashai to affix Emil Youssefzadeh's signature to the Settlement;

(8) appellants suffered cognizable harm, including relinquishment of their right to pursue Ashai for any deficiency left after a foreclosure sale, by signing the Settlement; and

(9) the harm sustained by appellants was proximately caused by Ashai's fraudulent conduct and misleading silence as to the material fact that Youssefzadeh had never signed the settlement, by appellants' justifiable detrimental reliance on the presence of the False Signature, and by appellants' consequent decision to sign that Settlement.

///

| Case No. | CV14-05057 VBF<br>USBC Cental District of California at Los Angeles,<br>2:13-bk-11265-ER | Date | November 13, 2017 |
|---|---|---|---|
| Title | In re Tony Ashai, Debtor (Kamran Ghadimi & Haleh Turkaman, Plaintiffs-Appellants v. Tony Ashai, Defendant-Appellee) | | |

The Court's Order concluded as follows:

> **No later than Friday, September 15, 2017, appellants SHALL FILE** a brief stating their position as to the amount that Tony Ashai owes them, including any applicable interest.
>
> **No later than Friday, October 13, 2017, debtor Tony Ashai SHALL FILE a response.**
>
> **No later than Friday, October 27 2017, appellants MAY FILE a reply.**
>
> Judgment will be entered consistent with this order after this Court determines how much Tony Ashai owes to Ghadimi and Turkaman.

*Id.* (nn. 2 & 3 omitted). On September 13, 2017, the Ghadimi appellants filed a brief stating their position on the amount of damages and interest owed to them by Tony Ashai, as the Court had directed them to do. Appellants Ghadimi and Turkaman conclude the damages section of their brief as follows:

> A cause of action [for nondischargeability of a debt] under 11 U.S.C. 523(a)(2) is a question of federal bankruptcy law. It therefore seems appropriate to apply federal law. Federal law first says that awarding pre-judgment interest is discretionary with the trial court. Given the policy behind Section 523(a)(2) of making the claimant "whole", pre-judgment interest would seem highly likely. In fact, some federal courts have ruled pre-judgment interest required, unless there are exceptional circumstances.
>
> Since there is no federal statutory rate for pre-judgment interest, this also appears to be a matter for the court's discretion. Federal courts have applied prime rates, and they applied rates according to state law.
>
> In the Ghadimis['] case, the Settlement Agreement even called for a ten percent rate of interest upon default. Since all these matters are for the discretion of the court, it appears that this appellate court should enter a judgment for $175,000, then remand back to the trial judge for a determination of (a) whether pre-judgment interest is appropriate; (b) what that interest rate should be; and ( c) how that amount should be calculated.

Doc 20 at 5-6.

**On the deadline for filing his response ostensibly *on the issue of damages and interest*, however, debtor-appellee Ashai instead filed a document that seeks reconsideration of the Court's ruling on the merits of the controversy.** Ashai again argues, as he did prior to the Court's ruling

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-05057 VBF<br>USBC Cental District of California at Los Angeles,<br>2:13-bk-11265-ER | Date | November 13, 2017 |
|---|---|---|---|
| Title | In re Tony Ashai, Debtor (Kamran Ghadimi & Haleh Turkaman, Plaintiffs-Appellants v. Tony Ashai, Defendant-Appellee) | | |

against him on the merits, that the appellant creditors did not justifiably rely on the signature that was presented to them as the signature of Emil Youssefzadeh. *See* Doc 21 at 5-7. Ashai's brief concludes, "Appellants should be entitled to an award of zero dollars. If, however, the Court is inclined to grant judgment in favor of Appellants it should be for $175,000.00 the last amount to be paid by Appellee and for the Appellee not to take any prejudgment interest of costs." Doc 21 at 7.

**If the Court construed Ashai's motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), the motion would be untimely**, because such motions must be filed within twenty-eight calendar days of the order that it seeks to reconsider.[1]

**For Ashai's sake, therefore, the Court considers whether his motion may be construed instead as one for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)**. For two reasons, however, the Court determines that Ashai cannot properly place an FRCP 60(b) motion for relief from judgment before the Court at this time.

**First,** Ashai filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit on August 29, 2017 (Doc 18), and on August 30, 2017 the Ninth Circuit issued a notification assigning appeal number 17-56316 and setting deadlines of October 30, 2017 for Ashai's opening brief on appeal and excerpts of record and November 30, 2017 for appellee Ghadimi's response brief on appeal. "This Court agrees that '[a]s a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case [that are] involved in the appeal.'"[2] *Arthur Lopez v. Newport Beach Police Dep't*, No. SA CV 16-02267-VBF-MRW, 2017 WL 729700, *1 (C.D. Cal. Feb. 27, 2017) (quoting *Keller v. Kirkegard*, 2017 WL 658236, *1 (D. Mont. Feb. 16, 2017) (Dana Christensen, C.J.) (quoting *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997))). *See, e.g., MediVas, LLC v. Marabeni Corp.*, 741 F.3d 4, 5 (9th Cir. 2013) ("The district court stayed proceedings in both actions in light of MediVas's pending appeal, which the court believed may have divested it of jurisdiction to proceed."); *In Re Burrell*, 626 F. App'x 33, 35 (3d Cir. 2015) (per curiam) ("[T]he

---

[1] Nor does Ashai even cite the federal rule or the local civil rule governing reconsideration, much less attempt to show how he has met the criteria of both of those rules.

[2] There is an exception not applicable here. "Although an appeal ordinarily divests the district court of jurisdiction over the matters on appeal, Rule 62(c) creates an exception by providing that, '[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.'" *Armstrong v. Brown*, 732 F.3d 955, 959 n.6 (9th Cir. 2013) (quoting Federal Rule of Civil Procedure 62(c)). Appellee-debtor Ashai's pending appeal to the Ninth Circuit is not an appeal from an injunctive-relief ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-05057 VBF<br>USBC Cental District of California at Los Angeles, 2:13-bk-11265-ER | Date | November 13, 2017 |
|---|---|---|---|
| Title | In re Tony Ashai, Debtor (Kamran Ghadimi & Haleh Turkaman, Plaintiffs-Appellants v. Tony Ashai, Defendant-Appellee) | | |

District Court reasonably refrained from acting on Burrell's in forma pauperis motion during the pendency of this appeal in view of the fact that most appeals divest a district court of its jurisdiction to act.") (citing *Venen v. Sweet*, 758 F.3d 117, 120-21 (3d Cir. 1985)). **Thus, this Court lacks jurisdiction over the apparent 60(b) motion or any other post-judgment motion that involves the issues subsumed within the pending appeal to the Circuit until and unless the Circuit issues its Mandate therein.** *US v. Waknine*, 409 F. App'x 72, 74 (9th Cir. 2010) (7th Cir. Sr. J. Richard Cudahy, Wardlaw, W. Fletcher) ("Waknine's appeal was pending before the Ninth Circuit until the Mandate issued on October 8, 2008, depriving the district court of jurisdiction to act until after that date.").

**Second, even if Ashai's pending appeal did not deprive this Court of jurisdiction over a FRCP 60(b) motion, the motion that Ashai has filed is not a properly supported FRCP 60(b) motion.** Such a motion must specify the subsection of the Rule under which the movant seeks relief from judgment, and it must show how the requirements of that subsection are satisfied.

Moreover, this FRCP 60(b) motion was not filed "within a reasonable time", as required by Fed. R. Civ. P. 60( c). All of the arguments made in the motion were available to Ashai immediately upon entry of judgment, and he provides no excuse for waiting nearly two months to file a FRCP 60(b) motion rather than filing a timely FRCP 59(e) motion within twenty-eight days of judgment.

Finally, FRCP 60(b) is a vehicle for seeking relief from a *final* judgment or order. This Court has not yet issued a final judgment or order, because damages (and interest) have not yet been quantified. The Court will remand to the United States Bankruptcy Court for that court to quantify damages and interest and to award any other relief to creditors Ghadimi and Turkaman (consistent with this Court's decision on the merits) that that court may find appropriate.

ORDER

Debtor-appellee Tony Ashai's October 13, 2017 "Appellee's Brief re: Award of Damages" is construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

As such, the motion **[Doc #21] is DISMISSED for lack of subject-matter jurisdiction.**

This matter is **REMANDED to the United States Bankruptcy Court** for the Central District of California for the determination and award of damages, interest, and any other relief to creditors Ghadimi and Turkaman which that Court finds to be appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-05057 VBF<br>USBC Cental District of California at Los Angeles,<br>2:13-bk-11265-ER | Date | November 13, 2017 |
|---|---|---|---|
| Title | In re Tony Ashai, Debtor (Kamran Ghadimi & Haleh Turkaman, Plaintiffs-Appellants v. Tony Ashai, Defendant-Appellee) | | |

This case shall be **TERMINATED** and closed (JS-6).

IT IS SO ORDERED.

                                                                                                                          :

Initials of Preparer               SMO